# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD BRONSHA JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-21-2

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

In 2007, Reginald Bronsha Johnson pleaded guilty to conspiracy to possess with intent to distribute crack cocaine and possession of a firearm during the commission of a drug trafficking crime. He was sentenced to a total of 181 months of imprisonment and was ordered, inter alia, to forfeit certain personal property and a money judgment of $20,000. As of November 2015, $17,185 of the money judgment was outstanding. In July of 2015, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51219

Government froze the money in Johnson's prison commissary account to apply it toward his outstanding balance, which Johnson challenged.

The district court denied Johnson's various motions and granted the Government's motion to forfeit substitute asset. Johnson now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denials of his post-judgment motions for an expedited order to show cause, in which he challenged the block on his inmate trust account, and the district court's grant of the Government's motion for the forfeiture of $3,001.99 from his inmate trust account as a substitute asset.

First, Johnson's IFP motion amounts to a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Although he argues that the district court failed to give adequate reasons for denying his IFP motion, the district court's incorporation by reference of its prior order was sufficient. *See id.* at 202 n.21. Furthermore, Johnson's argument that Judge Smith was not authorized to rule on his IFP motion is without merit.

Johnson's challenge to the forfeiture order is also unavailing. "[W]e review the district court's findings of fact pertaining to a forfeiture order 'under the clearly erroneous standard,' and 'the question of whether those facts constitute legally proper forfeiture *de novo*.'" *United States v. Ayika*, 837 F.3d 460, 468 (5th Cir. 2016) (footnote and citation omitted).

Johnson argues on appeal that the $3,001.99 was not subject to forfeiture because it was not involved in the offense and was not traceable to property involved in the offense. He contends further that the Government was not entitled to seize the money as a substitute asset because it did not show that he had hidden or transferred assets that were subject to the forfeiture order. However, because the Government seized Johnson's property as a substitute

2

asset under 21 U.S.C. § 853(p), rather than as criminally derived property under § 853(a)(1), the Government was not required to show that the property was derived from Johnson's criminal offense. *See* § 853(p).

The Government may seek the forfeiture of substitute property pursuant to Federal Rule of Criminal Procedure 32.2(e), which states in relevant part:

> On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Here, the "applicable statute" is 21 U.S.C. § 853(p), which provides in relevant part:

> (1) In general
>
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.
>
> (2) Substitute property
>
> In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

Accordingly, if "property constituting, or derived from, any proceeds the person obtained, directly or indirectly," 21 U.S.C. § 853(a)(1), from certain offenses, including drug conspiracies, "cannot be located upon the exercise of due diligence" or "has been transferred or sold to . . . a third party" because of "any act or omission of the defendant," "the court shall order the forfeiture of any other property of the defendant," 21 U.S.C. § 853(p)(1), (2).

The Government argues it satisfied § 853(p)(1)(A), because two governmental affiants explained they could not locate the assets during their investigations. However, the affiants' opinions better comport with satisfaction of § 853(p)(1)(B), as they concluded that it was "likely" that Johnson "transferred, dissipated, spent, deposited with a third party or concealed in some manner unknown to law enforcement" the $20,000 in unlawful proceeds.

Moreover, Johnson acknowledges that "[d]uring his multiple interviews with DEA case agents [he] consistently stated he had spent all proceeds from his drug dealing on the lifestyle of a drug-dealer. That he essentially spent it on partying and not on accumulating assets." This admission constitutes "an[] act or omission of the defendant" under § 853(p)(1). Thus, based on sworn affidavits provided by the Government and Johnson's own admission that he dissipated the assets, the Government was entitled to seize the money as a substitute asset.

Johnson asserts that he has been saving the money in his account, from his prison employment and family deposits, for his eventual release into society. We commend this effort. However, because he has acknowledged spending the illegally earned profits, the Government can seek forfeiture of Johnson's substitute property to fulfill the $20,000 money judgment so long as the requirements of Rule 32.2(e) and 21 U.S.C. § 853(p) are met. We find that they are. Johnson's appeal does not present a nonfrivolous issue and has

No. 15-51219

therefore not been brought in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The Government's motion for summary affirmance is DENIED as unnecessary. Its alternative motion for an extension of time is also DENIED as unnecessary.